## LANGE v J P HUMPHRIES & CO, INC et

Ohio Appeals, 1st Dist, Hamilton Co

No 5173.    Decided Oct 30, 1936

Robert W. McIntosh, Cincinnati, for appellees.

Julius W. Samuels, Cincinnati, for appellant.

### OPINION

By ROSS, PJ.

This case is an appeal on questions of law from the Court of Common Pleas of Hamilton County. That court in its judgment sustained the validity and effect of certain chattel mortgages held by the appellees, who had filed intervening petitions predicated upon the same.

It is the contention of the receiver-appellant—that because the record does not disclose that the officer of the corporation executing the mortgages was authorized by the board of directors to execute the same that the mortgagees are merely general creditors.

It appears from the record that the consideration for the notes secured by the mortgages, was cash paid into and used by the corporation in its business.

The receiver now repudiates the lien collaterally and contemporaneously created at the time of the loan to the corporation, although accepting the benefits of the same.

In **34 Ohio Jur., §68, p. 994,** it is stated:

"It is a well-settled general rule that a receiver acquires no greater rights in the property put into his possession by the appointing court than the debtor had. He takes the property in the same plight and condition, and subject to the same rights, equities, and liens, as it stood in the hands of the person or corporation out of whose possession it is taken. It follows from this rule that the holder of a valid lien subsisting at the time of the appointment of the receiver has rights prior and superior to those of the receiver in respect of the property in question."

The receiver therefore cannot repudiate the lien of the chattel mortgages unless the corporation could have done so. In this case the rule of agency applies since the officer of the corporation was but the agent of the corporation in creating the lien.

In the Restatement of the Law of Agency, §99, p. 248, it is stated:

"The retention by a purported principal, with knowledge of the facts and before he has changed his position, of something which he is not entitled to retain unless an act purported to be done on his account is affirmed, and to which he makes no claim except through such act, constitutes an affirmance unless at the time of such retention he repudiates the act. Even if he repudiates the act, his retention constitutes an affirmance at the election of the other party to the transaction."

And in 10 Ohio Jur., §572, p. 778, we find:

"A corporation becomes liable on contracts assumed to have been made in its behalf by an unauthorized agent by appropriating and retaining, with knowledge of the facts, the benefits of the contracts so made on its behalf. Thus, where the secretary and treasurer of a corporation (who also was a director thereof), without authority from the board of directors, in consideration of the execution of certain bonds by a bonding company, executed a contract on the part of the corporation to indemnify the bonding company against loss upon the bonds, and the corporation retained the benefits of the execution of the bonds, failing to repudiate the contract of indemnity within a reasonable time after notice thereof, it was estopped to deny the validity of the contract upon the ground that the officer executing it was without power to do so."

See also: 2 C. J. S. p. 1097, et seq.; 2 Am. Jur. p. 181.

We quote the second paragraph of the syllabus in the case of Indemnity Co. v Fairbanks Steam Shovel Co., 112 Oh St 136:

"Where the secretary and treasurer of a private corporation, who is also a director thereof, without authority from its board of directors, and in consideration of the execution of certain bonds by a bonding company, executes a contract on the part of the corporation to indemnify the bonding company from loss upon the bonds, and the corporation retains the benefits of the execution of the bonds and does not, within a reasonable time after notice thereof, repudiate the contract of indemnity, the corporation is estopped to deny the validity of the contract upon the ground that the action of the secretary and treasurer in executing the indemnity agreement was without power to bind the corporation."

It is our conclusion that under the circumstances developed by the record, the corporation could not have repudiated the liens without returning the benefits and that the receiver is placed in no more advantageous position than the corporation and having accepted and retained the benefits accruing from the consideration secured by the liens he must be bound also by such position.

The judgment is affirmed.

MATTHEWS, J, concurs.